**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-1265
_____

UNITED STATES OF AMERICA

v.

NICKLAUS WOODARD, also known as "Nick",
Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-13-cr-00025-005)
District Judge: Honorable Cynthia M. Rufe
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on April 29, 2024

Before: KRAUSE, CHUNG, and RENDELL, *Circuit Judges*

(Filed: May 9, 2024)

_____

**OPINION**[*]
_____

---

[*] This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding precedent.

KRAUSE, *Circuit Judge.*

## I. BACKGROUND

At issue is whether the District Court committed plain error when it imposed the same length of sentence on the Appellant after we vacated his 18 U.S.C. § 924(c) conviction in light of *United States v. Davis*, 588 U.S. 445 (2019), and ordered him resentenced on his remaining counts of conviction. Perceiving no error, we will affirm.

## II. DISCUSSION[1]

On appeal, Woodard contends that the sentence imposed by the District Court on remand was both procedurally and substantively unreasonable. We address each argument below, concluding that neither has force.

### A. Procedural Reasonableness

A district court commits procedural error by, for example, "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly

---

[1] The District Court had subject-matter jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 18 U.S.C. § 3742 and 28 U.S.C. § 1291. We ordinarily apply an abuse-of-discretion standard to our procedural-reasonableness inquiry. *United States v. Tomko*, 562 F.3d 558, 567 (3d Cir. 2009) (en banc). However, where, as here, a defendant does not raise a procedural objection at sentencing, the standard of review becomes plain error. *United States v. Flores-Mejia*, 759 F.3d 253, 256 (3d Cir. 2014) (en banc). We accord substantial deference to the District Court's determination of sentence and will only reverse if (1) the court erred; (2) the error was plain; and (3) the error was "prejudicial," affecting the defendant's "substantial rights" in a way that "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *United States v. Olano*, 507 U.S. 725, 732-36 (1993) (quoting *United States v. Atkinson*, 297 U.S. 157, 160 (1936)); *accord United States v. Vazquez*, 271 F.3d 93, 99 (3d Cir. 2001) (en banc). If there is no procedural error, we review for substantive reasonableness under an abuse-of-discretion standard. *United States v. Lacerda*, 958 F.3d 196, 214 (3d Cir. 2020).

erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." *Gall v. United States*, 552 U.S. 38, 51 (2007).

The District Court committed no such error. The reversal of the § 924(c) conviction did not affect Woodard's Guidelines range, and the District Court again decided to vary downwards from the Guidelines range of life in prison. The Court clearly explained why it thought the same deviation was still appropriate at resentencing, and contrary to Woodard's assertion, it also explained why it thought neither Woodard's age at the time of his offenses nor the hardships of incarceration during COVID-19 warranted a further reduction. Accordingly, we see no procedural error in the District Court's resentencing.

### B. Substantive Reasonableness

A sentence is substantively reasonable "unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided." *United States v. Tomko*, 562 F.3d 558, 568 (3d Cir. 2009) (en banc). A court is not required to expound at length on its consideration of each sentencing factor. Rather, its decision is reasonable if "the record as a whole reflects rational and meaningful consideration" of those factors. *United States v. Grier*, 475 F.3d 556, 571 (3d Cir. 2007) (en banc).

Here, considering the "totality of the circumstances" surrounding Woodard's resentencing, *Tomko*, 562 F.3d at 567, we cannot say that no reasonable sentencing court would have acted as the District Court did here. The Court underscored that the primary

3

basis for Woodard's sentence was his conduct, which was undeniably repugnant. He helped kidnap, confine, and torture intellectually disabled people in order to steal their Social Security benefits. The Court duly considered Woodard's argument that he has been rehabilitated, and it explained why it found that argument wanting. Woodard disagrees with the Court's assessment, but that does not make it unreasonable. *See United States v. Bungar*, 478 F.3d 540, 546 (3d Cir. 2007) (holding that a sentence is not unreasonable simply because district court does not "give mitigating factors the weight a defendant contends they deserve").

Finally, we note that Woodard's sentence is below the applicable Guidelines range of life in prison "and thus is presumptively reasonable." *United States v. Pawlowski*, 967 F.3d 327, 331 (3d Cir. 2020).

### III. CONCLUSION

For the foregoing reasons, we will affirm the sentence imposed by the District Court.